UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TOMMY EARL JONES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:16-cv-00322 REEVES/SHIRLEY |
| CENTURION, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

On June 13, 2016, Plaintiff Tommy Earl Jones, a pro se prisoner, initiated this civil rights action pursuant to 42 U.S.C. § 1983 [Doc. 2]. Now before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1], two motions to voluntarily dismiss particular defendants and proposed defendants [Docs. 18, 19], and two supplemental briefs [Docs. 6, 7], which the Court construes, respectively, as a motion to amend pursuant to Federal Rule of Civil Procedure 15(a) and a motion to supplement pursuant to Rule 15(d). Also before the Court are a motion for summary judgment filed by Defendant Sonia Teles [Doc. 10], and a motion to dismiss and motion for leave to file documents under seal filed by Defendants Curry Butler, Steven Wheeler, and Centurion [Docs. 14, 16].

For the reasons set forth herein, the Court will **GRANT** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1], **DENY AS PREMATURE** the motions filed by Defendants Teles, Butler, Wheeler, and Centurion [Docs. 10, 14, 16], **GRANT** Plaintiff's motion to voluntarily dismiss Butler and Wheeler [Doc. 18], **DENY** Plaintiff's construed motion to amend his Complaint [Doc. 6], **DENY AS MOOT** Plaintiff's motion to dismiss Andrews and Sator from this action [Doc. 19], and **DENY** Plaintiff's construed motion to supplement his Complaint [Doc.

7]. Finally, the Court will **DISMISS** this action for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).[1]

I.  MOTION FOR LEAVE TO PROCEED IFP

Plaintiff has moved for leave to proceed *in forma pauperis* in his instant suit [Doc. 1]. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may not bring a civil action *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Prior to filing the instant lawsuit, Plaintiff has filed at least three civil rights actions that were dismissed on the grounds set forth in § 1915(g). *See Jones v. Raye*, Case No. 3:12-cv-1230, Doc. 8 (M.D. Tenn. Nov. 27, 2012) (dismissed for failure to state a claim); *Jones v. Sator*, Case No. 3:12-cv-519, Doc. 4 (M.D. Tenn. May 30, 2012) (dismissed for failure to state a claim); *Jones v. Wall*, Case No. 3:09-cv-1037, Doc. 4 (M.D. Tenn. Nov. 3, 2009) (dismissed for failure to state a claim). Accordingly, Plaintiff has accumulated "three strikes" under § 1915(g), and he may not proceed *in forma pauperis* in the instant action unless he can establish that he is in "imminent danger of serious physical injury."

A plaintiff asserting that he qualifies for the imminent danger exception must allege a threat or prison condition that is "real and proximate," and the danger of serious physical injury from

---

[1] The Court notes that, on June 2, 2017, Plaintiff was ordered to show cause as to why this action should not be consolidated with another civil action that Plaintiff is currently litigating in this district [Doc. 21], and Plaintiff opposed consolidation in his response [Doc. 22]. Because the Court has now found that the instant action must be dismissed pursuant to 28 U.S.C. § 1915, the Court finds no reason to further address the issue of consolidation.

that threat or condition "must exist at the time the complaint is filed[.]"[2] *Vandiver v. Prison Health Servs, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). The allegations in the complaint "must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id.*

The Sixth Circuit has specifically addressed the applicability of the imminent danger exception to a plaintiff alleging a danger of serious harm due to failure to treat a chronic illness:

> "[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once. We reject the notion that the inclusion of the word "imminent" in § 1915(g) allows us to grant IFP status only after a plaintiff's condition has deteriorated such that the next instance of maltreatment would result in a serious physical injury. Imposing such a restriction would ignore the progressive and worsening nature of injuries often associated with chronic illness and would result in unnecessary suffering by those afflicted with these conditions. We thus believe that for the purposes of § 1915(g), an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated.

*Id.* at 587.

In two other cases, district courts have allowed this Plaintiff's claims to proceed based on the imminent danger exception to the three-strike rule. *See Jones v. Clement*, Case No. 3:16-cv-257-PLR-CCS, Doc. 24 (E.D. Tenn. Feb. 22, 2017); *Jones v. Benitez*, Case No. 2:15-cv-2082, Doc. 5 (W.D. Tenn. June 24, 2015). Specifically, this Court previously found that Plaintiff had "sufficiently alleged that he faced an imminent danger of serious physical injury" due to

---

[2] The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 727 F.3d at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). Thus, a pro se plaintiff "need[] only to *assert* allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." *Id.* at 585 (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (emphasis added).

allegations that he was inadequately treated for pain related to his Crohn's disease, a chronic illness. *See Jones v. Clement*, Case No. 3:16-cv-257-PLR-CCS, Doc. 24. Because this case also involves allegations related to Plaintiff's treatment for Crohn's disease (or lack thereof), the Court again must find that Plaintiff has sufficiently alleged that he faced imminent danger of serious physical injury from his mistreatment and unaddressed pain at the time he filed the instant Complaint. Plaintiff has thus demonstrated that he is entitled to exemption from the three-strike rule in this case.

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate at the Northeast Correctional Complex, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II. PLAINTIFF'S ORIGINAL COMPLAINT

In his initial Complaint under 42 U.S.C. § 1983, Plaintiff raises numerous claims against Defendant Centurion, a medical provider contracted by the state of Tennessee to provide medical care to inmates at Northeast Correctional Complex ("NECX"), as well as three Centurion employees in both their individual and official capacities: Sonia Teles, an administrative assistant; Curry Butler, a case manager; and Steven H. Wheeler, the managing chief executive officer [Doc. 2 at 1-5, 9]. Plaintiff generally alleges that he has Crohn's disease and anemia and that medical providers employed by Centurion to perform medical services at NECX have denied him appropriate medical care – that is, pain treatment, nutrition, and examination – for these conditions during his period of incarceration [*Id.*].

His specific allegations against the named Defendants are as follows. On March 8, 2016, Plaintiff contacted all of the Defendants by mail to complain about his medical care [*Id.* at 5]. Plaintiff received a memorandum on Centurion letterhead, dated April 14, 2016, and signed by Georgia Cromwell, NECX's health services administrator [*Id.* at 6; Doc. 2-1 at 4]. The letter details the examinations, diagnostic tests, and medications that Plaintiff had received from

February 4, 2016 through March 17, 2016, and outlines the "additional plans and next steps" of Plaintiff's care, including additional lab work at the end of April to "evaluate the efficiency of . . . medication" and visits with the chronic care provider every ninety days [*Id*. at 6; Doc. 2-1 at 4].

After receiving this letter, he again contacted Teles by mail on April 24, 2016, reasserting his complaints about the lack of care that he was receiving to manage his Crohn's disease, and asking that he be transferred to a special needs facility [Doc. 2 at 6]. Plaintiff then received another memorandum, dated May 4, 2016 – again, on Centurion letterhead and signed by Cromwell – which details Plaintiff's gastrointestinal consultations, medicines, labs, and weight checks from January 26, 2016 through April 27, 2016 and advises him that he will continue to be seen by a provider at the chronic care clinic every ninety days [*Id*. at 6-7; Doc. 2-1 at 8].

Plaintiff maintains that this letter demonstrates that the Defendants "denied [his] request for pain treatment, nutrition, [and] examination as requested" on March 8, 2016 and April 24, 2016 [Doc. 2 at 6-7]. He argues that their actions constitute deliberate indifference to his serious medical conditions in violation of the Eighth Amendment to the U.S. Constitution and violate the Americans with Disabilities Act [*Id*. at 1-8].

    **A.**    **Motions to Dismiss and/or for Summary Judgment**

On November 29, 2016, Teles filed a motion for summary judgment and answer [Docs. 9-10]. Thereafter, on February 20, 2017, Centurion, Butler, and Wheeler filed a joint motion to dismiss, as well as a motion for leave to file Plaintiff's grievance records under seal [Docs. 14-16]. Several weeks later, Plaintiff filed motions to dismiss Butler and Wheeler from this action [Doc. 18].

As Defendants correctly note in their motions and answers, service has not yet been effected on them; however, this delay can hardly be attributed to Plaintiff, given that the Court has

6

not yet ruled on Plaintiff's motion for leave to proceed *in forma pauperis*, nor has it screened his Complaint pursuant to the PLRA. *See* Fed. R. Civ. P. 4(c)(3) (providing that a district court "must" order that service be made by a United States Marshal in the event that a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)); 28 U.S.C. § 1915(e) (providing that the court "shall" dismiss a prisoner action *sua sponte* if it determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"). Because the Court has not yet had an opportunity to resolve Plaintiff's motion for *in forma pauperis* status or to perform its obligatory screening of Plaintiff's Complaint, the Motions filed by Defendants [Docs. 10, 14, 16] will be **DENIED AS PREMATURE**.

Nonetheless, Plaintiff has moved to voluntarily dismiss Defendants Butler and Wheeler from this action. As the Court has noted, the Court has not yet had an opportunity to resolve Plaintiff's pending motions for leave to proceed *in forma pauperis*, nor has it had occasion to review the substance of Plaintiff's original Complaint and proposed supplement and amendment. Because the Court has not yet performed its preliminary review of Plaintiff's filings, and because no opposition to Plaintiff's request for voluntarily dismissal have been filed, Plaintiff's Motion to dismiss Defendants Butler and Wheeler from this action [Doc. 18] will be **GRANTED;** these Defendants will be **DISMISSED** from this action.

    **B.**    **Screening Plaintiff's Remaining Claims**

Plaintiff asserted claims arising under both 42 U.S.C. § 1983 and the ADA against Teles in her individual capacity and against Centurion itself remain for the Court's review.[3] Under the

---

[3] Plaintiff also asserts a claim against Teles in her official capacity. However, it is well established that "[a] suit against an individual in h[er] official capacity is the equivalent of a suit

PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Jones v. Bock*, 549 U.S. 199, 213 (2007); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Courts must liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *but see Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006) (noting that, despite the leniency afforded to *pro se* plaintiffs, the Court is "not require[d] to either guess the nature of or create a litigant's claim.").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). When reviewing a complaint for failure to state a claim under Rule 12(b)(6), the Court must accept as true all of the factual allegations in the complaint. *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, a plaintiff must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – that is, make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555, 556 n.3; *see also Iqbal*, 556 U.S. at 679.

---

against the . . . entity." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Because Plaintiff's official capacity claim against Teles must be construed as a claim against Centurion, and Centurion is already a Defendant to this action, the Court need not separately address the official capacity claim against Teles.

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is thus not a challenge to the plaintiff's factual allegations, but rather, a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct[.]" *Id*. at 679; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (holding that, in order to survive a motion to dismiss under 12(b)(6), a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

1. Claims arising under 42 U.S.C. § 1983

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). A prison authority's deliberate indifference to an inmate's serious medical needs violates the inmate's federal rights under the Eighth Amendment to the U.S Constitution. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference 'is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 737 (6th Cir. 2015)

(quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 410 (1997)). The standard is comprised of both objective and subjective components: the objective component requires a plaintiff to show a "sufficiently serious" deprivation, while the subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" (or lack thereof) or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104-5; *Farmer*, 511 U.S. at 836 (defining deliberate indifference as "lying somewhere between the poles of negligence at one end and purpose or knowledge at the other" and noting that the concept is "routinely equated . . . with recklessness").

a. Defendant Teles

Even when liberally construed, Plaintiff's Complaint contains no allegations from which the Court can infer that Teles demonstrated deliberate indifference to Plaintiff's medical needs. The only allegations that involve Teles are Plaintiff's allegations that he sent her two letters – in March and April of 2016 – complaining about the inadequacy of care that he was receiving from the medical staff at NECS for his Crohn's disease and anemia and asking that he be transferred to a special needs facility. Plaintiff does not include any allegations as to what he actions he believes Teles could have or should have taken as a result of his letters. Indeed, Plaintiff concedes that Teles was merely an administrative assistant employed by Centurion, not a medical provider directly or indirectly involved with Plaintiff's diagnosis and treatment, nor a manager or policymaker at Centurion. Given that Plaintiff received responses to both of his letters, the Court may infer that Teles referred Plaintiff's letters to the employee(s) or official(s) at Centurion and/or NECX with the responsibility the review such complaints and the authority to make decisions

10

related thereto. Plaintiff's allegations against Teles are tenuous at best and thus are insufficient to meet the pleading standards articulated in *Iqbal* and *Twombly*. Because Plaintiff has not pled any facts regarding Teles' actions or inactions that give rise to a plausible § 1983 claim, he has failed to state a claim for relief against Teles, and any claims against her must be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

b. Defendant Centurion

As previously noted, the allegations in Plaintiff's Complaint relate to his medical treatment (or lack thereof) while incarcerated and under the care medical providers employed by Centurion, a private corporation contracted to provide medical services to prisoners at NECX. Private corporations may be held liable pursuant to § 1983 under the same standard of liability applicable to municipal entities themselves. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (applying municipal liability standard from *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), to private corporation operating prison); *see also Rouster v. Cty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005). In order to succeed on a § 1983 claim premised on municipal entity, a plaintiff must establish that: (1) his harm was caused by a constitutional violation; and (2) the institution itself was responsible for that violation, generally because of a policy, custom, pattern or practice of the municipal defendant that caused the Plaintiff's constitutional injury. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012); *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

In this case, the Court finds that Plaintiff has failed to state a plausible claim against Centurion for a violation of his constitutional rights. Plaintiff alleges only that he wrote letters of complaint to Centurion employees regarding inadequacies with his medical care and treatment at NECX and that Centurion failed to order the medical providers and/or prison officials involved in his care to implement Plaintiff's requested treatments, medications, and care plan. Plaintiff's Complaint contains no allegations regarding any policy, custom, pattern, or practice of Centurion that caused Plaintiff's purported harms. Because Plaintiff's Complaint fails to plead facts sufficient to create a claim for municipal liability, he has failed to state a claim for relief against Centurion pursuant to § 1983.

2. ADA Claims

Plaintiff has also asserted ADA claims against Teles and Centurion, arguing that they refused to place Plaintiff "in the most integrated setting appropriate for disabled prisoners as required by regulation" [Doc. 2 at 7]. Title II of the Americans with Disability Act ("ADA") provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such an entity." 42 U.S.C. § 12132. In relevant part, the ADA defines a "public entity" as "any State or local government; [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government," 42 U.S.C. § 12131(1); it is thus clear that the ADA applies to state prisons, *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010).

To the extent that Plaintiff seeks to hold Teles liable under the ADA, such claim must fail as "the ADA [does not] impose liability upon individuals." *See Lee v. Mich. Parole Bd.*, 104 F.

App'x 490, 493 (6th Cir. 2004) (citing 29 U.S.C. § 794(b)(RA); 42 U.S.C. § 12131(1)). Plaintiff's ADA claim against Centurion is equally unpersuasive. Plaintiff has not alleged that he has been denied the benefits of a program or activity of a public entity that is provided for other non-disabled prisoners or that he was discriminated against because of his medical conditions. Instead, he argues only that the Defendants violated the ADA by refusing to transfer him to a special needs facility based on his chronic illness. However, as this Court has previously found, the ADA is not violated by a defendant's alleged refusal to transfer a prisoner to another facility. *See Jones v. Clement*, Case No. 3:16-cv-257-PLR-CCS, Doc. 24 at 13 (E.D. Tenn. Feb. 22, 2017) (citing *Veloz v. N.Y.*, 178 F. App'x 39 (2d Cir. 2006) (finding no ADA violation where inmate was denied placement in a unit for physically disabled prisoners since physicians did not find his condition required such housing and thus did not recommend it)). Plaintiff's claims against both Defendants under the ADA will accordingly be **DISMISSED** for failure to state a claim.

### III. PLAINTIFF'S PROPOSED SUPPLEMENTS

#### A. First Supplement

On August 22, 2016, Plaintiff filed a supplemental brief to his Complaint, naming seven new individual defendants – Innocentes Sator, Desiree Andrews, Paul Alexander, Vernitta Duncan, Palamira, David Moore, and Siddiqui Hafeezul – all of whom he alleges are medical doctors employed by Centurion [Doc. 6]. Plaintiff alleges that he had appointments with each of these doctors and that each of them denied his requests for pain medication, disregarded his medical history and his requests that he be referred for surgery to remove an irregular section of his ileum, and chose ineffective courses of treatment for Plaintiff's conditions [*Id*. at 4].

Because this supplement seeks to add new claims against new defendants, the Court construes it as a motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a).

Although leave to amend should be "freely given where justice so requires," Fed. R. Civ. P. 15(a), a district court has discretion to deny a motion for leave to amend where the proposed claims are "simply not related to [the] original claims" *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001).

Plaintiff's original Complaint raised claims of deliberate indifference against Centurion and three of its administrative and/or managerial employees, based solely on the fact that they did not adequately respond to Plaintiff's letters in March and April of 2016 complaining about his medical treatment at NECX and/or provide him with the medical treatment and housing accommodations that he requested therein. The claims in Plaintiff's proposed amendment are against seven new defendants, all medical doctors who examined and/or treated Plaintiff at NECX. The Court concedes that the new Defendants are also alleged to be employees of Centurion and that Plaintiff is also seeking to raise claims of medical deliberate indifference against these new defendants. However, the Court finds that the relationship between the allegations in the original complaint and the proposed amendment end there. The allegations in Plaintiff's proposed amendment center around direct medical care, treatment, and advice that he received from medical professionals at NECX, whereas the original Complaint solely revolved around a series of correspondence with administrative and managerial employees of the company contracted to provide medical services to the prison. The central facts in the original Complaint allegedly occurred in March and April of 2016, whereas Plaintiff does not specify the dates on which he had appointments with any of the seven proposed new defendants.[4] The fact that all of the current

---

[4] The Court also notes that Plaintiff provided a single factual statement as to all seven defendants collectively, stating that he had "appointment[s] with all named defendants" and that each denied his requests for pain medication, "interfered" with a preferred course of treatment set forth by a specialist in 2009, "chose a less efficacious course of treatment," and "never mentioned" his voluminous medical file [Doc. 6 at 4]. This blanket statement, which does not provide even general dates for the alleged appointments and provides no details as to his interaction with any

defendants and proposed defendants may be employed by the same corporation and that each cause of action is tangentially related to Plaintiff's medical care while incarcerated is insufficient to create a meaningful connection between these two pleadings. The Court concludes that the substance of the proposed amendment is "simply unrelated" to the defendants, facts, and claims in the original Complaint, and Plaintiff's construed Motion to Amend [Doc. 6] will be **DENIED**.[5]

### B. Second Supplement

On August 29, 2016, Plaintiff filed another supplement,[6] attaching a letter that he wrote to Centurion on August 15, 2016, informing them that he had not eaten in the dining hall from July 27th through August 11, 2016 because he was taken off "religious tray" and the kitchen refused to provide him with a "therapeutic no-spice diet" [Doc. 7 at 1, 5]. His letter requested "fiber with 3 religious meal[s]," as well as a referral to a nutritionist or a transfer to a special needs facility [*Id.* at 5]. He received a letter in response, signed by "RN Director of Nursing" Amy Bowen, detailing Plaintiff's appointments and sick calls from August 1, 2016 through August 16, 2016, including

---

one doctor – let alone all seven –, fails to meet the pleading standards set forth in *Iqbal* and *Twombly*. Plaintiff's vague and blanket factual allegations against an entire group of defendants is simply insufficient for the Court to infer "more than the mere possibility of misconduct" as to any specific defendant. Accordingly, the Court notes that, even if it were to allow Plaintiff's amendment, the new claims and defendants would nonetheless be subject to dismissal for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)

[5] Plaintiff's Motion to Voluntarily Dismiss Sator and Andrews [Doc. 19] will accordingly be **DENIED AS MOOT**.

[6] This brief also makes references to various medications that were prescribed by "GI Smoote" [Doc. 2]. However, as the Court discussed in detail in its February 22, 2017 Order in Plaintiff's related case, the first-to-file rule applies to bar any additional claims against Dr. Smoote regarding pain and/or stomach medications in this Court [E.D. Tenn. Case No. 3:16-cv-257, Doc. 24 at 14-16]. Accordingly, to the extent that Plaintiff's second supplemental brief attempts to raise any additional claims or issues related to Dr. Smoote's prescriptions for Plaintiff, such claims would be subject to dismissal without prejudice.

Plaintiff's refusal of several appointments and lab work [*Id*. at 4]. Plaintiff argues that the staff at NECX "lied about [him] refusing lab on 8-16-2016" [*Id*. at 2]. He also adds that he has been denied access to the law library [*Id*.].

Because Plaintiff's second supplement clearly seeks to add allegations regarding events that happened after he filed his original complaint, the Court construes this filing as a motion to supplement pursuant to Federal Rule of Civil Procedure 15(d) (providing, in relevant part that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). The Court infers that Plaintiff seeks to use this supplement to bolster his claim that Centurion has exhibited deliberate indifference to his medical needs by continuing to deny his requests for specific diet, medical treatment, and transfer to a special needs facility. However, the Court has found that Plaintiff has failed to provide sufficient factual allegations to state a plausible claim for relief against Centurion under § 1983. These supplemental facts do not compel the Court to alter its decision, as Plaintiff has still not alleged any pattern, practice, custom, or policy by Centurion that led to Plaintiff's alleged harm.

To the extent that Plaintiff seeks to add a claim about access to the law library, such a claim is unrelated to the subject matter of the instant lawsuit and will not be permitted. *See, e.g.*, *Coleman v. Gullet*, 2013 WL 4026839, at *4-5 (E.D. Mich. Aug. 6, 2013) (collecting cases for the proposition that "there must be some connection between the claims as filed and the supplemental ones"); *Nottingham v. Peoria*, 709 F.Supp. 542, 544 (M.D. Pa. 1988) ('[A] court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts[.]"). Additionally, to the extent that Plaintiff seeks to add a claim against Bowen, any such claim will

16

not be permitted in the instant action.  Plaintiff has another action pending against Bowen in this Court, alleging that she showed deliberate indifference to Plaintiff's medical needs.  *See Jones v. Clement*, Case No. 3:16-cv-257-PLR-CCS (E.D. Tenn. Feb. 22, 2017).  Any additional allegations against her should be filed in that action, rather than in a separate civil case.  Accordingly, the Court finds no reason to allow the supplement, and Plaintiff's construed Motion [Doc. 7] will be **DENIED**.

## IV. CONCLUSION

For these reason, the Court hereby:

- **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

- **DENIES AS PREMATURE** the motions filed by Defendants Teles, Butler, Wheeler, and Centurion [Docs. 10, 14, 16];

- **GRANTS** Plaintiff's motion to voluntarily dismiss Butler and Wheeler from this action [Doc. 18];

- **DENIES** Plaintiff's construed motion to amend his Complaint [Doc. 6];

- **DENIES AS MOOT** Plaintiff's motion to dismiss Andrews and Sator from this action [Doc. 19];

- **DENIES** Plaintiff's construed motion to supplement his Complaint [Doc. 7];

- **DISMISSES** this action for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

- **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.

**IT IS SO ORDERED.**

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**